| UNITED STATES BANKRUPTCY COURT<br>Western District of Pennsylvania | **VOLUNTARY PETITION** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>PTC SEAMLESS TUBE CORP. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>PTC ALLIANCE PIPE ACQUISITION LLC | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all):<br>300739160 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>6051 Wallace Road Ext., Suite 200<br>Wexford, Pennsylvania<br>ZIP CODE 15090 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Allegheny County, Pennsylvania | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>500 Frank Yost Lane, Hopkinsville, Kentucky    ZIP CODE 42240 | |

**Type of Debtor** (Form of Organization) (Check **one** box.)
- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [✓] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check **one** box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [✓] Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.)
- [ ] Chapter 7
- [ ] Chapter 9
- [✓] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity** (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts** (Check **one** box.)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [✓] Debts are primarily business debts.

**Filing Fee** (Check one box.)
- [✓] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [✓] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**   THIS SPACE IS FOR COURT USE ONLY
- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [✓] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ✓ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ✓ | ☐ | ☐ | ☐ |

Estimated Liabilities
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ✓ | ☐ | ☐ |

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | PTC SEAMLESS TUBE CORP. |

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: PTC Alliance Corp. (case closed on 3/30/2007) | Case Number: 06-22110 | Date Filed: 05/10/2006 |
|---|---|---|
| District: Western District of Pennsylvania | Relationship: Affiliate | Judge: Thomas P. Agresti |

### Exhibit A
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

### Exhibit B
(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X _____
Signature of Attorney for Debtor(s)    (Date)

### Exhibit C
Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

### Exhibit D
(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13) — Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | PTC SEAMLESS TUBE CORP. |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

X */s/ Eric A. Schaffer*
Signature of Attorney for Debtor(s)
Eric A. Schaffer
Printed Name of Attorney for Debtor(s)
Reed Smith LLP
Firm Name
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Address
(412) 288-4202
Telephone Number
04/26/2015
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X */s/ P. Whiting*
Signature of Authorized Individual
Peter Whiting
Printed Name of Authorized Individual
Chief Executive Officer
Title of Authorized Individual
04/26/2015
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

## PTC SEAMLESS TUBE CORP.

### Officer's Certificate

I, Peter Whiting, Chief Executive Officer of PTC Seamless Tube Corp. (the "Company"), a Delaware corporation, hereby certify as of the date hereof that:

Attached hereto as **Exhibit A** is a true and complete copy of the Board of Directors resolutions (the "Resolutions") duly adopted by or on behalf of the Company relating to the Company's voluntary petition under chapter 11 of the Bankruptcy Code, the debtor-in-possession credit agreement, and the retention of professionals. The Resolutions have not been amended, modified, or rescinded and remain full force and effect on the date hereof.

IN WITNESS WHEREOF, I have hereunto signed my name to this Officer's Certificate this 26th day of April, 2015.

_____
Peter Whiting
Chief Executive Officer

**EXHIBIT A**

Resolutions

(Attached)

US_ACTIVE-121330616.5-LASIZEMO

# PTC SEAMLESS TUBE CORP.

## Resolutions adopted by the Board of Directors
## at a meeting held on April 24, 2015

**APPROVAL OF CHAPTER 11 PETITION AND RELATED MATTERS**

WHEREAS, PTC Seamless Tube Corp. f/k/a PTC Pipe Acquisition LLC (the "Corporation") is a party to the Professional Services Agreement, dated as of May 2, 2013, between the Corporation and Robinson Mechanical Contractors, Inc. d/b/a Robinson Construction Company ("Robinson"), pursuant to which Robinson was engaged to convert a Croatian manufacturing facility into a state-of-the-art pipe mill (the "Project") in Hopkinsville, Kentucky, on a "time and materials" basis;

WHEREAS, as of the date hereof, the Project is substantially over budget and eight (8) months behind schedule;

WHEREAS, based upon a competitive bidding process, it is estimated that completing the Project will cost between $13 million to $22 million and take approximately seven (7) months once work on the Project is restarted;

WHEREAS, the Corporation is a party to the Credit Agreement (the "ABL Credit Agreement"), dated December 19, 2012, among the Corporation, certain other borrowers, the institutions from time to time party thereto as lenders, and Wells Fargo Bank, National Association, as administrative agent and collateral agent, pursuant to which the lenders provided the borrowers a revolving credit facility (the "ABL Credit Facility") in an aggregate principal amount not to exceed $75,000,000.00;

WHEREAS, the Corporation guaranteed the obligations of PTC Group Holdings Corp. (the "Parent") under the Credit Agreement (the "Term Loan Agreement"), dated December 19, 2012, among the Parent, Credit Suisse AG, Cayman Islands Branch, as administrative agent and collateral agent, and the institutions from time to time party thereto as lenders, pursuant to which the lenders provided the Parent a term loan credit facility in the aggregate principal amount not to exceed $120,000,000.00;

WHEREAS, the cost overruns and delays associated with the Project triggered certain covenant restrictions contained in the ABL Credit Agreement, causing the Corporation to be unable to borrow under the ABL Credit Facility for the foreseeable future;

WHEREAS, as a result of the cost overruns and delays associated with the Project, the Corporation understands that PTC Group Holdings Corp., the Corporation's direct parent, is unwilling to make additional advances to the Corporation to fund the Project;

WHEREAS, it appears that the Corporation has secured obligations outstanding of approximately $165 million under the ABL Credit Agreement, the Term Loan Agreement, and certain capital leases;

Case 15-21445-CMB    Doc 1    Filed 04/26/15    Entered 04/26/15 22:45:45    Desc Main
Document      Page 7 of 9

WHEREAS, it appears that the Corporation has more than $100 million currently due and owing to its unsecured creditors;

WHEREAS, the Corporation does not have sufficient liquidity to fund the Project or service its outstanding debt obligations;

WHEREAS, on a date as soon as practicable after the date these resolutions are approved, the Corporation intends to file a voluntary petition (the "Chapter 11 Petition") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court"), and to continue in the possession of its assets and in the management of its business pursuant to sections 1107 and 1108 of the Bankruptcy Code;

WHEREAS, in connection with the Chapter 11 Petition, the Company desires to enter into the Debtor-in-Possession Credit Agreement (the "DIP Credit Agreement"), between the Corporation and PTC Group Holdings Corp. (the "DIP Lender");

WHEREAS, the Board of Directors believes that it is in the best interests of the Corporation and its creditors, employees, and stockholders to (a) file the Chapter 11 Petition with the Bankruptcy Court, (b) enter into the DIP Credit Agreement, and (c) enter into and/or file with the Bankruptcy Court certain other documentation related to the above;

NOW, THEREFORE, be it hereby

Chapter 11 Petition

RESOLVED, that in the judgment of the Board of Directors it is desirable and in the bests interests of the Corporation and its creditors, employees, and stockholders, and other interested parties that the Chapter 11 Petition be filed by the Corporation in the Bankruptcy Court seeking relief under chapter 11 of the Bankruptcy Code, in which the authority to operate as a debtor-in-possession will be sought, and the filing of such Chapter 11 Petition is authorized hereby; and it is

FURTHER RESOLVED, that the Chief Executive Officer and the Chief Financial Officer of the Corporation are, and each of them, with full authority to act without the others, hereby is, authorized, empowered, and directed, on behalf of the Corporation, to execute and verify the Chapter 11 Petition in the name of the Corporation under chapter 11 of the Bankruptcy Code, and to cause the same to be filed with the Bankruptcy Court, in such form and at such time as the authorized person executing the Chapter 11 Petition on behalf of the Corporation shall determine; and it is

FURTHER RESOLVED, that the Chief Executive Officer and the Chief Financial Officer of the Corporation are, and each of them, with full authority to act without the others, hereby is, authorized, empowered, and directed, in the name and on behalf of the Corporation, to execute and/or file, or cause to be executed and/or filed (or to direct others to do so on their behalf) all necessary documents including, but not limited to, all petitions, affidavits, schedules, motions, lists, applications, pleadings, and other papers, and in that connection to employ and retain all assistance by legal counsel, consultants, accountants, or other professionals and to take

any and all other actions, that they or any of them deem necessary, proper, or desirable in connection with the chapter 11 case, including any and all actions necessary or proper in connection with obtaining debtor-in-possession financing; and it is

FURTHER RESOLVED, that the Chief Executive Officer and the Chief Financial Officer of the Corporation are, and each of them, with full authority to act without the others, hereby is, authorized and empowered, in the name and on behalf of the Corporation, to take or cause to be taken, from time to time, any and all such further action, including, but not limited to, opening new, post-petition debtor-in-possession bank accounts, and to execute and deliver, or cause to be executed and delivered, all such further agreements, documents, certificates, and undertakings including, but not limited to, amendments to the documents contemplated hereby following the effectiveness thereof, and to incur all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable, to effectuate the purpose and intent of these resolutions; and it is

FURTHER RESOLVED, that the law firm of Reed Smith LLP, Reed Smith Centre, 225 Fifth Avenue, Suite 1200, Pittsburgh, Pennsylvania 15222, be, and hereby is, employed under a general retainer as attorneys for the Corporation in the chapter 11 case; and it is

FURTHER RESOLVED, that the Chief Executive Officer and the Chief Financial Officer of the Corporation are, and each of them, with full authority to act without the others, hereby is, authorized and empowered, in the name and on behalf of the Corporation, to retain such other professionals as they deem appropriate during the course of the chapter 11 case; and it is

FURTHER RESOLVED, that all acts lawfully done or actions taken by the Chief Executive Officer and the Chief Financial Officer of the Corporation to seek relief on behalf of the Corporation under chapter 11 of the Bankruptcy Code, or in any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Corporation.

DIP Financing

RESOLVED, that the proposed entering into by the Corporation of the DIP Credit Agreement, providing for a credit facility to the Corporation in the aggregate principal amount not to exceed $650,000.00, all as more fully described in and on the terms (including the maturity date and fixed interest rate) provided for in the DIP Credit Agreement summary of terms reviewed by this Board of Directors be, and hereby is, in all respects approved; and it is

FURTHER RESOLVED, that the proposed entering into by the Corporation of the revolving notes, any documents granting mortgages, security interests, or other liens in the Corporation or its assets, and the other loan documents accompanying the DIP Credit Agreement (collectively, the "DIP Credit Documents") be, and hereby are, in all respects approved; and it is

FURTHER RESOLVED, that the Chief Executive Officer and Chief Financial Officer of the Corporation are, and each of them, with full authority to act without the others, hereby is, authorized, empowered, and directed, in the name and on behalf of the Corporation, to

execute and deliver (and, if desired, under the corporate seal of the Corporation attested to by its Secretary or Assistant Secretary) the DIP Credit Agreement and each of the DIP Credit Documents in a form as such officer shall approve, the execution and delivery thereof by such officer to constitute conclusive evidence of such approval, and that the Chief Executive Officer and the Chief Financial Officer of the Corporation are, and each of them, with full authority to act without the others, hereby is, authorized and empowered to take any and all further actions and to execute and deliver any and all documents for and on behalf of the Corporation as in his or their opinion may be necessary or desirable to carry out the transactions contemplated by the DIP Credit Agreement and the DIP Credit Documents; and it is

FURTHER RESOLVED, that the Chief Executive Officer and the Chief Financial Officer of the Corporation are, and each of them, with full authority to act without the others, hereby is, authorized and empowered to borrow, repay, and reborrow in the future under the DIP Credit Agreement, to generally administer borrowing under and in compliance with the DIP Credit Agreement, and to take all such further actions as may be necessary or desirable in connection therewith without further approval from the Board of Directors; and it is

FURTHER RESOLVED, that the Chief Executive Officer and the Chief Financial Officer of the Corporation are, and each of them, with full authority to act without the others, hereby is, authorized and empowered, in the name and on behalf of the Corporation and under the corporate seal or otherwise, to execute, deliver, file, and record such other agreements, instruments, and documents, and to take such other actions, as are contemplated by the DIP Credit Agreement, the DIP Credit Documents, and all other related agreements or documents or as such officers may deem necessary or appropriate, to accomplish, evidence, and secure the borrowings contemplated by the DIP Credit Agreement and to carry out the purposes of these resolutions.

General

RESOLVED, that the Chief Executive Officer and the Chief Financial Officer of the Corporation are, and each of them, with full authority to act without the others, hereby is, authorized, empowered, and directed, in the name and on behalf of the Corporation, to pay all necessary and reasonable fees and expenses incurred in connection with the chapter 11 case and the transactions contemplated by these resolutions; and it is

FURTHER RESOLVED, that all actions heretofore taken by the officers of the Corporation in connection with the chapter 11 case and the transactions contemplated by the foregoing resolutions be, and each of them hereby is, approved, ratified, and affirmed in all respects; and it is

FURTHER RESOLVED, that the Chief Executive Officer and the Chief Financial Officer of the Corporation are, and each of them, with full authority to act without the others, hereby is, authorized, empowered, and directed, in the name and on behalf of the Corporation, to execute and deliver all such documents and instruments and to do all such acts or things as they or any of them shall determine to be necessary, proper, or advisable to carry out the purposes of the foregoing resolutions.