Case 15-21445-TPA    Doc 56    Filed 04/29/15    Entered 04/29/15 18:29:07    Desc Main
Document    Page 1 of 7

FILED
4/29/15 6:24 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>PTC SEAMLESS TUBE CORP. f/k/a<br>PTC ALLIANCE PIPE ACQUISITION LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-21445-TPA |
| PTC SEAMLESS TUBE CORP.,<br><br>Movant,<br><br>v.<br><br>NO RESPONDENT. | Related to Doc. No. 16 |

**INTERIM ORDER GRANTING THE EMERGENCY MOTION FOR ENTRY OF
INTERIM AND FINAL ORDERS: (I) AUTHORIZING POSTPETITION UNSECURED
BRIDGE FINANCING PURSUANT TO 11 U.S.C. § 364(b) AND (II) SCHEDULING
FINAL HEARING PURSUANT TO FED.R.BANKR.P. 4001 AND
<u>LOCAL RULES 4001-2 AND 9013-2</u>**

Upon the *Emergency Motion for Entry of Interim and Final Orders:*

*(I) Authorizing Postpetition Unsecured Bridge Financing Pursuant to 11 U.S.C. § 364(b) and*

*(II) Scheduling Final Hearing Pursuant to Fed.R.Bankr.P. 4001 and Local Rules 4001-2 and*

*9013-2* (the "<u>Motion</u>") by which the Debtor seeks entry of an order:[1]

        (a)    authorizing the Debtor to obtain unsecured bridge financing up to

the aggregate principal amount of $650,000 (the "<u>Bridge Facility</u>") pursuant to the terms of that

Letter Agreement dated April 25, 2015 (the "<u>Bridge Facility Agreement</u>"), made by and between

PTC Group and the Debtor, a copy of which is attached as Exhibit A to the Motion;

---

[1] Capitalized terms used but not defined in this order have the meanings given in the Motion.

    (b) granting an allowed, administrative priority claim under section 503(b)(1) of the Bankruptcy Code for any and all amounts borrowed by the Debtor under the Bridge Facility Agreement, in accordance with section 364(b) of the Bankruptcy Code;

    (c) scheduling on an emergency basis, pursuant to Bankruptcy Rule 4001, Local Rule 4001-2, and Local Rule 9013-2, an interim hearing (the "Interim Hearing") on the Motion for the Court to consider entry of an interim order authorizing the Debtor to borrow up to the aggregate amount of $650,000, on an interim basis, consistent with the cash flow forecast attached as Exhibit C to the Motion;

    (d) scheduling a final hearing (the "Final Hearing") for the Court to consider entry of a final order authorizing the Debtor's entry into the Bridge Facility on a final basis on or after May 14, 2015; and

    (e) granting certain related relief.

  The Interim Hearing having been held by this Court on April 29, 2015; the Court having reviewed the Motion, exhibits thereto, and documents filed in support thereof and any responses thereto; and upon the record made by the Debtor at the Interim Hearing and after due deliberation and consideration and sufficient cause appearing therefor;

  IT IS FOUND, DETERMINED, ORDERED, AND ADJUDGED that:

  1. *Jurisdiction.* This Court has core jurisdiction over the Chapter 11 Case, this Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§157(b) and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

  2. *Notice.* Notice of the Motion, the relief requested therein, and the Interim Hearing was served by the Debtor on its twenty largest unsecured creditors, the agents for Pre-Petition Secured Lenders, PTC Group, the holders of liens filed against the Debtor's property,

US_ACTIVE-121861024

other affected parties, and the United States Trustee for the Western District of Pennsylvania, or their respective counsel. Under the circumstances, such notice constitutes due and sufficient notice thereof and complies with Bankruptcy Rule 4001(c) and Local Rule 4001-2.

3. *Objections.* All objections to the entry of this Order, if any, are resolved hereby or, to the extent not resolved, are overruled.

4. *Findings Regarding the Bridge Facility.*

(a) Good cause has been shown for the entry of this Order.

(b) The Debtor has an immediate need to obtain the Bridge Facility to permit, among other things, the orderly continuation of the operation of its business; to make payroll; and to satisfy other needs.

(c) The terms of the Bridge Facility are fair and reasonable, reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties, and constitute reasonably equivalent value and fair consideration.

(d) The Bridge Facility was extended by PTC Group in good faith and PTC Group is entitled to the protections afforded under section 364(e) of the Bankruptcy Code.

(e) The Debtor has requested entry of this Order pursuant to Bankruptcy Rule 4001(c)(2). Absent granting the relief sought by this Order, the Debtor's estate will be immediately and irreparably harmed. Consummation of the Bridge Facility in accordance with the Order is, therefore, in the best interest of the Debtor's estate.

5. *Authorization of the Bridge Facility.*

(a) The Bridge Facility is hereby approved as set forth in this Order and the Debtor is hereby authorized to borrow money pursuant to the Bridge Facility and this Order, up to an aggregate principal or face amount of $650,000, which shall be used for all purposes

permitted under the Bridge Facility Agreement or such other purposes as may be agreed to in writing by the Debtor and PTC Group.

(b) In furtherance of the foregoing and without further approval of this Court, the Debtor is authorized to perform all acts, to make, execute, and deliver all instruments and documents (including, without limitation, the execution or recordation of security agreements, mortgages, and financing statements), and to pay all fees, that may be reasonably required or necessary for the Debtor's performance of its obligations under the Bridge Facility Agreement, including, without limitation:

(i) the execution, delivery, and performance of the Bridge Facility Agreement,

(ii) the execution, delivery, and performance of one or more amendments to the Bridge Facility Agreement, in each case in such form as the Debtor and PTC Group may agree (it being understood that no further approval of the Court shall be required for amendments to the Bridge Facility that do not adversely affect the Debtor or its estate), and

(iii) the performance of all other acts required under or in connection with the Bridge Facility Agreement.

(c) The Bridge Facility Agreement shall constitute the valid and binding obligation of the Debtor, enforceable against the Debtor in accordance with its terms.

6. *Administrative Priority Claims*. Pursuant to section 364(b) of the Bankruptcy Code, all of the Bridge Obligations shall constitute allowed claims against the Debtor with administrative priority pursuant to section 503(b)(1) of the Bankruptcy Code.

7. *Interest on Bridge Obligations*. Interest on the Bridge Obligations shall accrue at the rates and shall be paid at the times as provided in the Bridge Facility Agreement.

8. *Preservation of Rights Granted Under the Order.*

(a) If any or all of the provisions of this Order are hereafter reversed, modified, vacated, or stayed, such reversal, stay, modification, or vacation shall not affect the validity of any Bridge Obligations incurred prior to the actual receipt of written notice by PTC Group of the effective date of such reversal, stay, modification, or vacation. Notwithstanding any such reversal, stay, modification, or vacation, PTC Group shall be entitled to all the rights, remedies, privileges, and benefits granted in section 364(e) of the Bankruptcy Code and this Order.

(b) Except as expressly provided in this Order, all rights and remedies of PTC Group granted by the provisions of this Order and the Bridge Facility Agreement shall survive, and shall not be modified, impaired, or discharged by (i) the entry of an order converting this Chapter 11 Case to a case under chapter 7, dismissing this Chapter 11 Case or by any other act or omission, or (ii) the entry of an order confirming a plan of reorganization in this Chapter 11 Case and, pursuant to section 1141(d)(4) of the Bankruptcy Code, the Debtor has waived any discharge as to any remaining Bridge Obligations. The terms and provisions of this Order and the Bridge Facility Agreement shall continue in this Chapter 11 Case, in any successor case, or in any superseding chapter 7 case under the Bankruptcy Code all other rights and remedies of PTC Group granted by the provisions of this Order and Bridge Facility Agreement shall continue in full force and effect until the Bridge Obligations are indefeasibly paid in full.

9. *Limitation on Use of Bridge Facility Proceeds.* The Debtor shall use the proceeds of the Bridge Facility solely as provided in this Order and in the Bridge Facility Agreement, or as may be agreed to in writing by the Debtor and PTC Group.

10. *Order Governs.* In the event of any inconsistency between the provisions of this Order and the Bridge Facility Agreement, the provisions of this Order shall govern.

11. *Binding Effect; Successors and Assigns.* The Bridge Facility Agreement and the provisions of this Order, including all findings herein, shall be binding upon all parties in interest in this Chapter 11 Case, including, without limitation, PTC Group, the Pre-Petition Secured Lenders, any committee appointed in the Chapter 11 Case, and the Debtor and its respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the estate of the Debtor, an examiner appointed pursuant to section 1104 of the Bankruptcy Code, or any other fiduciary hereafter appointed as a legal representative of the Debtor or with respect to the property of the estate of the Debtor) and shall inure to the benefit of PTC Group and the Debtor and each of their respective successors and assigns; *provided, however,* that PTC Group shall have no obligation to extend any financing to any chapter 7 trustee or similar responsible person appointed for the estate of the Debtor.

12. *Limitation of Liability.* In determining whether to make any loan under the Bridge Facility Agreement or in exercising any rights or remedies as and when permitted pursuant to this Order or the Bridge Facility Agreement, PTC Group shall not be deemed to be in control of the operations of the Debtor or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtor (as such terms, or any similar terms, are used in the United States Comprehensive Environmental Response, Compensation and Liability Act, 29 U.S.C. §§ 9601 *et seq.* as amended, or any similar federal or state statute). Furthermore, nothing in this Order or in the Bridge Facility Agreement related to this transaction shall in any way be construed or interpreted to impose or allow the imposition upon PTC Group any liability for any claims arising from the pre-petition or post-petition

activities by the Debtor and any of its affiliates (as defined in section 101(2) of the Bankruptcy Code) in the operation of its business, or in connection with its restructuring efforts. For the avoidance of doubt, nothing in this Order or in the Bridge Facility Agreement shall be construed or interpreted to affect any claims that creditors of the Debtor may have against PTC Group to the extent such claims existed as of the Petition Date.

13. *Effectiveness.* This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

14. *Retention of Jurisdiction.* The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

15. *Final Hearing.* The Final Hearing is scheduled for **May 8**, 2015 at **10:00 AM** (Eastern) before this Court. The Debtor shall promptly mail copies of this Order, which shall constitute adequate notice of Final Hearing, to the parties having been given notice of the Interim Hearing, and to any other party that has filed a request for notices with this Court and to any Committee member after the same has been appointed and any proposed Committee counsel. Any party in interest objecting to the relief sought at the Final Hearing shall serve and file written objections; which objections shall be served upon (a) Reed Smith LLP, 225 Fifth Avenue, Suite 1200, Pittsburgh, PA 15222, (Attn: Eric A. Schaffer), attorneys for the Debtor; (b) Skadden, Arps, Slate, Meagher & Flom LLP, 155 N. Wacker Dr., Chicago, IL 60606 (Attn: Kimberly A. DeBeers), attorneys for PTC Group; and (c) the Office of the United States Trustee for the Western District of Pennsylvania, and shall be filed with the Clerk of the United States Bankruptcy Court for the Western District of Pennsylvania, in each case to allow actual receipt by the foregoing no later than **May 7**, 2015 at 4:00 p.m. (Eastern).

4/29/15