**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | Chapter 11 |
| PTC SEAMLESS TUBE CORP. f/k/a<br>PTC ALLIANCE PIPE ACQUISITION LLC, | Case No. 15-21445-TPA |
| Debtor. | |
| PTC SEAMLESS TUBE CORP., | |
| Movant, | Document No. \_\_\_\_ |
| v. | Hearing Date and Time:<br>June 18, 2015, at 3:00 p.m. ET |
| NO RESPONDENT. | |

**DEBTOR'S MOTION FOR AN ORDER ESTABLISHING PROCEDURES
TO SELL OR TRANSFER CERTAIN MISCELLANEOUS AND DE MINIMIS
ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES**

PTC Seamless Tube Corp. f/k/a PTC Alliance Pipe Acquisition LLC (the "Debtor"), the debtor and debtor-in-possession in the above-captioned case (this "Chapter 11 Case"), through its undersigned counsel, hereby moves (the "Motion") this Court for the entry of an order, pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Western District of Pennsylvania (the "Local Rules"), establishing procedures enabling the Debtor to sell or transfer certain miscellaneous assets that are obsolete, burdensome, surplus, non-core, or of little or no usable value to the Debtor, without the need for further Court approval, free and clear of all liens, claims, encumbrances, or other interests. In support of this Motion, the Debtor respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004, and Local Rule 6004-1.

## BACKGROUND

3. On April 26, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Court").

4. The Debtor continues in the management and operation of its business and property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On May 8, 2015, the United States Trustee for Region 3 appointed the Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code. See Doc. No. 110. No trustee or examiner has been appointed in this Chapter 11 Case.

6. Information regarding the Debtor and this Chapter 11 Case, including the Debtor's business, corporate structure, financial condition, and the reasons for and objectives of this Chapter 11 Case, is set forth in the *Declaration of Peter Whiting in Support of Chapter 11 Petition and First Day Motions* [Doc. No. 10], filed on the Petition Date and fully incorporated herein by reference.

7. During construction of the Debtor's seamless tube plant in Hopkinsville, Kentucky, the Debtor accumulated certain miscellaneous assets that now are obsolete,

burdensome, surplus, non-core, or of little or no usable value to the Debtor (collectively, the "De Minimis Assets").

8. The largest two categories of De Minimis Assets are shipping containers and scrap materials. The Debtor currently owns approximately 278 metal shipping containers that were used to transport equipment and other materials for use in construction of the seamless tube plant from Croatia to the United States. The Debtor no longer has any use for the shipping containers because the transportation phase of the construction project is complete. The Debtor also accumulated substantial scrap materials that are byproducts of the construction process and no longer hold any useful value for the Debtor.

9. The De Minimis Assets are owned by the Debtor, and substantially all of the De Minimis Assets are collateral for the Debtor's prepetition and postpetition secured creditors.[1] Accordingly, substantially all of the De Minimis Assets are encumbered by liens, claims, encumbrances, and other interests (collectively, the "Liens"), including the Pre-Petition Security Interests and the DIP Liens (each as defined in the DIP Motion). Net proceeds from the sale of De Minimis Assets will be retained by the Debtor in a segregated account pending further order of the Court.

**RELIEF REQUESTED**

10. By this Motion, the Debtor respectfully requests that the Court enter an order, pursuant to sections 105(a) and 363 of the Bankruptcy Code, establishing expedited

---

[1] As discussed in the *Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, and 364; (II) Granting Adequate Protection to Pre-Petition Secured Lenders Pursuant to 11 U.S.C. §§ 361, 363, 364; (III) Granting Liens, Security Interests, and Superpriority Claims; and (IV) Scheduling Final Hearing Pursuant to Fed.R.Bankr.P. 4001 and Local Rules 4001-2 and 9013-2* [Doc. No. 81] (the "DIP Motion"), substantially all of the Debtor's assets constitute (a) Pre-Petition Collateral for the Pre-Petition Lenders (each as defined in the DIP Motion) and (b) the DIP Collateral for the DIP Agent, on behalf of itself and the DIP Lenders (each as defined in the DIP Motion).

procedures enabling the Debtor to sell or transfer De Minimis Assets with a sale price of up to $75,000.00, free and clear of all Liens, without the need for further Court approval.

11.  Specifically, the Debtor proposes that it be permitted to sell or transfer De Minimis Assets during the course of this Chapter 11 Case in accordance with the following procedures (the "Asset Sale Procedures").[2]

(a) With regard to the sale or transfer of De Minimis Assets in any individual transaction or series of contemporaneous related transactions to a single buyer or group of related buyers with a sale price of less than or equal to $15,000.00:[3]

   (i) the Debtor is authorized to consummate such transactions if the Debtor determines in the reasonable exercise of its business judgment that such sale is in the best interests of its estate, without further order of the Court or notice to any party;

   (ii) any such transaction shall be deemed final and fully authorized by the Court and free and clear of Liens with such Liens attaching only to the sale proceeds with the same validity, extent, and priority as immediately prior to the transaction; and

   (iii) good faith purchasers of such assets shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

(b) With regard to the sale or transfer of De Minimis Assets in any individual transaction or series of contemporaneous related transactions to a single buyer or group of related buyers with a sale price greater than $15,000.00 and less than or equal to $75,000.00:

   (i) the Debtor is authorized to consummate or authorize such transaction, as applicable, if the Debtor determines in the reasonable exercise of its business judgment that such sales are in the best interests of its estate, without further order of the Court, subject to the procedures set forth herein;

   (ii) the Debtor shall, at least ten (10) calendar days prior to closing, effectuating, or authorizing such sale or transfer, give written notice of such sale or transfer substantially in the form attached as **Exhibit 1** to **Exhibit A** attached hereto (each notice, a "Sale Notice") to the parties

---

[2] All time periods referenced in this Motion will be calculated in accordance with Bankruptcy Rule 9006(a).

[3] For purposes of the Asset Sale Procedures, the sale price shall refer to the proceeds to be received by the Debtor or its estimate of such proceeds, as applicable, on account of any sale transaction net of removal costs and other related expenses.

- 4 -

    identified on the Official Service List established in this Chapter 11 Case (collectively, the "<u>Sale Notice Parties</u>");

(iii) the content of the Sale Notice sent to the Sale Notice Parties shall consist of: (a) identification of the assets being sold or transferred; (b) identification of the purchaser of the assets; (c) the purchase price and terms of payment, including the cash consideration and other consideration to be paid by the purchaser; (d) the significant terms of the sale or transfer; (e) a statement as to whether the assets are encumbered or unencumbered; and (f) the identities of any known parties holding or asserting Liens in the relevant assets;

(iv) if no written objection by any of the Sale Notice Parties is received by Debtor's counsel or filed with this Court within ten (10) calendar days of the date of such notice (the "<u>Sale Objection Deadline</u>"), the Debtor is authorized to consummate such sale or transfer immediately;

(v) if the terms of a proposed sale or transfer are amended materially after transmittal of the Sale Notice but prior to the Sale Objection Deadline, the Debtor will send a revised Sale Notice to the Sale Notice Parties, and the Sale Objection Deadline will be extended such that the Sale Notice Parties will have an additional five (5) calendar days to object in accordance with the Asset Sale Procedures;

(vi) if a written objection by a Sale Notice Party is received by Debtor's counsel by the Sale Objection Deadline and such objection cannot be resolved by the Sale Objection Deadline, the Sale Notice Party shall file the objection with this Court and such assets shall be sold only upon withdrawal of such written objection or further order of the Court;

(vii) any such transactions shall be free and clear of all Liens with such Liens, if any, attaching only to the sale proceeds with the same validity, extent, and priority as had attached to such assets immediately prior to the transaction;

(viii) good faith purchasers of assets shall be entitled to the protections of section 363(m) of the Bankruptcy Code; and

(ix) commencing on July 1, 2015, and once every month thereafter, the Debtor shall file a report with the Court identifying all assets sold or transferred pursuant to the Asset Sale Procedures for the preceding month, including the names of the purchasing parties and the sale price for each such transaction; <u>provided</u>, <u>however</u>, the Debtor shall have no obligation to file such report with the Court in any month where the Debtor did not sell any assets pursuant to the Asset Sale Procedures in the preceding month; <u>provided</u>, <u>further</u>, <u>however</u>, the Debtor's obligation to file such reports pursuant to this Order shall terminate thirty (30) days after confirmation of

a plan of reorganization or the sale of substantially all of the Debtor's assets.

## BASIS FOR RELIEF REQUESTED

**A.   The Asset Sale Procedures Are Appropriate And In The Best Interests Of The Debtor's Estate.**

12.   Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Bankruptcy courts regularly authorize a sale of a debtor's assets if such sale is based upon the sound business judgment of the debtor. See Meyers v. Martin (In re Martin), 91 F.3d 389, 395 (3d Cir. 1996).

13.   The "sound business judgment" test requires a debtor to establish four elements to justify the sale or lease of property outside the ordinary course of business, namely, (a) a "sound business purpose" justifying the sale of assets outside the ordinary course of business, (b) adequate and reasonable notice has been provided to interested persons, (c) the debtor has obtained a fair and reasonable price, and (d) good faith. In re Abbotts Dairies of Pa. Inc., 788 F.2d 143 (3d Cir. 1986); Titusville Country Club v. Pennbank (In re Titusville Country Club), 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991).

14.   Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Pursuant to section 105(a), a court may fashion an order or decree that helps preserve or protect the value of a debtor's assets. See, e.g., Chinichian v. Campolongo (In re Chinichian), 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."); In re Cooper Props. Liquidating Trust, Inc., 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) (noting that the bankruptcy court is "one of equity and as such it

has a duty to protect whatever equities a debtor may have in property for the benefit of its creditors as long as that protection is implemented in a manner consistent with the bankruptcy laws.").

15. The Debtor possesses certain De Minimis Assets that no longer hold any useful value to the Debtor. In the exercise of its sound business judgment, the Debtor has determined, and may determine in the future, that the prompt sale of De Minimis Assets during the course of this Chapter 11 Case without individual Court approval will be in the best interest of its estate and creditors and enable the Debtor to maximize the potential proceeds for the sale of De Minimis Assets. The Asset Sale Procedures enable the Debtor to defray or avoid any operational, carrying, storage, or other expenses associated with De Minimis Assets, protect the Debtor against the possible declining value of certain De Minimis Assets, and minimize the opportunity costs associated with delays in the sale of De Minimis Assets. Moreover, the Asset Sale Procedures will enable the Debtor to take advantage of sale opportunities that are available only for a limited time and monetize otherwise unusable assets.

16. The De Minimis Assets have a relatively modest aggregate value. The Debtor believes that the Asset Sale Procedures, providing for the sale of the De Minimis Assets below a certain threshold of value, will conserve the resources of this Court and the Debtor by avoiding the need for separate motions to approve relatively small sales. The Debtor submits that the entry of an order authorizing the sale or transfer of the De Minimis Assets without further notice or hearing, in accordance with the Asset Sale Procedures, is warranted under these circumstances, as the limited value of the De Minimis Assets does not justify the cost the Debtor's estate would incur if required to seek further relief with respect to a sale of the De Minimis Assets.

17. Accordingly, the Asset Sale Procedures are in the best interests of the Debtor's estate, its creditors, and other parties in interest and should be approved. In light of the demonstrable benefits of streamlined procedures to sell De Minimis Assets, courts within the Third Circuit have approved similar procedures in large chapter 11 cases. <u>See</u>, <u>e.g.</u>, <u>In re Visteon Corp.</u>, No. 09-11786 (Bankr. D. Del. July 16, 2009) (authorizing sales up to $10 million); <u>In re Flying J, Inc.</u>, No. 08-13384 (Bankr. D. Del. Feb. 19, 2009) (authorizing asset sales up to $5 million); <u>In re Leiner Health Prods., Inc.</u>, No 08-10446 (Bankr. D. Del. Apr. 4, 2008) (authorizing sales up to $500,000 and abandonment procedures); <u>In re Dura Auto. Sys., Inc.</u>, No. 06-11202 (Bankr. D. Del. Apr. 25, 2007) (approving sales up to $2.5 million and authorizing abandonment procedures); <u>In re Meridian Auto. Sys.–Composites Operations, Inc.</u>, No. 05-11168 (Bankr. D. Del. Aug. 11, 2005) (approving sales up to $1 million).

**B.     The Court Should Approve The De Minimis Asset Sales Free And Clear Of Liens Under Section 363(f) Of The Bankruptcy Code.**

18. Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in such property if: (a) applicable nonbankruptcy law permits such a free and clear sale; (b) the holder of the interest consents; (c) the interest is a lien and the sales price of the property exceeds the value of all liens on the property; (d) the interest is in *bona fide* dispute; or (e) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest. 11 U.S.C. § 363(f); <u>In re Elliott</u>, 94 B.R. 343, 345 (E.D. Pa. 1988) (because section 363(f) is written in the disjunctive, a court may approve a sale "free and clear" provided at least one of the subsections is met).

19. The Debtor proposes to sell or transfer the De Minimis Assets in a commercially reasonable manner, and expects that the value of the proceeds from such sales or transfers will reflect fairly the value of the property sold. Pursuant to the Asset Sale Procedures,

any party with a Lien on De Minimis Assets sold or transferred shall have a corresponding security interest in the proceeds of such sale or transfer with the same validity, extent, and priority as immediately prior to the transaction.  Moreover, the Debtor proposes that if a party in interest fails to object timely to a De Minimis Asset sale consistent with the Asset Sale Procedures, such party shall be deemed to "consent" to such De Minimis Asset sale within the meaning of section 363(f)(2) of the Bankruptcy Code.  As such, the requirements of section 363(f) of the Bankruptcy Code would be satisfied for any proposed sale or transfer free and clear of liens, claims, encumbrances, and other interests.

C. **De Minimis Asset Sales Should Be Entitled To The Protections Of Section 363(m) Of The Bankruptcy Code.**

20. Section 363(m) of the Bankruptcy Code provides, in relevant part, that the reversal or modification on appeal of an authorization under section 363(b) of a sale or lease of property does not affect the validity of a sale or lease under such authorization to a purchaser who bought or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.  11 U.S.C. § 363(m).  The Third Circuit has held that:  "The requirement that a purchaser act in good faith . . . speaks to the integrity of [purchaser's] conduct in the course of the sale proceedings.  In re Abbott Dairies, 788 F.2d at 147 (internal citations omitted).

21. The Debtor submits that any agreement that results in the sale of De Minimis Assets will be an arm's-length transaction entitled to the protections of section 363(m), and the Debtor requests that section 363(m) be deemed to apply to each sale of De Minimis Assets in accordance with the Asset Sale Procedures.  If any party does not believe this to be the case with respect to a particular transaction, it may assert an objection and voice its concern.

**D.      Approval Of Proposed De Minimis Asset Sales And Limited Notice Is Appropriate.**

22.     The notice and hearing requirements contained in section 363(b)(1) of the Bankruptcy Code are satisfied if appropriate notice and an opportunity for a hearing are provided in light of the particular circumstances.  See 11 U.S.C. § 102(1)(A) (defining "notice and a hearing" to mean such notice and an opportunity for a hearing "as [are] appropriate in the particular circumstances").  Moreover, "a requirement of 'notice and a hearing' really means notice and *the opportunity for* a hearing . . . the Bankruptcy Code is explicit in defining 'after notice and a hearing' as 'authorizing an act without an actual hearing if such notice is given properly' *and* no interested party requests a hearing."  Morlan v. Universal Guar. Life Ins. Co., 298 F.3d 609, 618 (7th Cir. 2002) (citing 11 U.S.C. § 102(1)(B)) (emphasis in original).

23.     Generally, Bankruptcy Rules 2002(a)(2) and 2002(i) require debtors in possession to provide a minimum of 21 days' notice by mail of proposed sales of property outside the ordinary course of business to "the debtor, the trustee, all creditors and indenture trustee" as well as any committee appointed under section 1102 of the Bankruptcy Code.  See Bankruptcy Rules 2002(a)(2), 2002(i).  Courts are authorized to shorten the 21-day notice period generally applicable to asset sales, or to direct another method of giving notice, upon a showing of "cause."  See Bankruptcy Rule 2002(a)(2).  Courts are authorized to limit notice of asset sales outside of the ordinary course of a debtor's business, even without a prior showing of cause, to any official committee appointed under section 1102 of the Bankruptcy Code and any creditor or equity holder requesting notice.  See Bankruptcy Rule 2002(i).

24.     Bankruptcy courts are guided by fundamental notions of procedural due process when determining whether notice is appropriate under the circumstances.  See, e.g., In re Boomgarden, 780 F.2d 657, 661 (7th Cir. 1985).  Notice is appropriate under section 102(1) of the Bankruptcy Code where it is "reasonably calculated, under all the circumstances, to apprise

interested parties of the pendency of the action and afford them an opportunity to present their objections." In re Lomas Financial Corp., 212 B.R. 46, 54 (Bankr. D. Del. 1997) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)); see also Drexel Burnham Lambert Grp., Inc. v. Claimants Identified on Schedule I (In re Drexel Burnham Lambert Grp., Inc.), 995 F.2d 1138, 1144 (2d Cir. 1993).

25.     The proposed Asset Sale Procedures provide all interested parties with sufficient notice and an opportunity to object.  The Asset Sale Procedures provide that if an interested party objects to a proposed sale, the Debtor may not proceed with such De Minimis Asset sale without seeking Court approval and providing the objecting part an opportunity for a hearing.  Because the Asset Sale Procedures are reasonably calculated to provide interested parties notice, an opportunity to object and, if necessary, a hearing, the proposed Asset Sale Procedures satisfy applicable due process standards.  Accordingly, the Debtor proposes to streamline the process and shorten the applicable notice periods as described in the Asset Sale Procedures.

## WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h) AND LOCAL RULE 6004-1

26.     To implement the foregoing successfully, the Debtor seeks a waiver of (i) the notice requirements under Bankruptcy Rule 6004(a), (ii) the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h), and (iii) the notice and advertising requirements of Local Rule 6004-1(c).

## NOTICE

27.     Notice of this Motion has been provided to the parties identified on the Official Service List established in this Chapter 11 Case.  In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

## **NO PRIOR REQUEST**

28. No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: May 22, 2015                                                                 Respectfully submitted,

                                                                                                    REED SMITH LLP

                                                                    By:        */s/ Luke A. Sizemore*
                                                                                    Eric A. Schaffer (PA ID No. 30797)
                                                                                    Luke A. Sizemore (PA ID No. 306443)
                                                                                    Joseph D. Filloy (PA ID No. 310167)
                                                                                    Reed Smith Centre
                                                                                    225 Fifth Avenue, Suite 1200
                                                                                    Pittsburgh, PA 15222
                                                                                    Telephone: (412) 288-3131
                                                                                    Facsimile: (412) 288-3063
                                                                                    Email: eschaffer@reedsmith.com
                                                                                    Email: lsizemore@reedsmith.com
                                                                                    Email: jfilloy@reedsmith.com

                                                                                    *Counsel to Debtor and Debtor-in-Possession*